IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIE INSURANCE COMPANY, et al.   :
                                 :
    v.                           : Civil Action No. DKC 10-2795
                                 :
CHUGACH MCKINLEY, INC., et al.   :

**MEMORANDUM OPINION**

Presently pending in this negligence and wrongful death action are two motions to remand (Papers 15, 18) filed by Plaintiffs Erie Insurance Company ("Erie") and Tony Allen Hill. The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motions will be granted.

I. **Background**

This case stems from a workplace forklift accident on September 22, 2008. As a result of that accident, Mabry Lynch, Jr., an employee of Vertex Incorporated ("Vertex"), suffered fatal injuries. On September 2, 2010, Vertex's workers' compensation carrier, Erie, filed a complaint in the Circuit Court for Prince George's County; that complaint alleged negligence, negligent hiring and supervision, wrongful death,

and an action for survival.[1]  (Paper 2).  Erie sued on its own behalf and to the use of Patricia Lynch, Mabry Lynch, Jr.'s widow.  (*Id.*).  Erie named Chugach McKinley, Inc. ("Chugach"), Lorton Stone LLC a/k/a Lorton Contracting Company, Inc. ("Lorton"), Samuel Hernandez, and RSC Equipment Rental, Inc. ("RSC") as defendants.  (*Id.*).

The parties agree that complete diversity would have existed under the original complaint.  For the purposes of 28 U.S.C. § 1332, Erie is a Pennsylvania citizen, Patricia Lynch is a Maryland citizen, Chugach is an Alaska citizen, Lorton and Hernandez are Virginia citizens, and RSC is a citizen of Arizona.  The amount-in-controversy was also well over the jurisdictional requirement for diversity jurisdiction.

On September 16, 2010, however, Erie filed an amended complaint in Circuit Court.  (Paper 15-2, Ex. 2, at 2).  Among other things, that complaint added an additional "use plaintiff," Tony Allen Hill.  (Paper 15-1).  The parties apparently agree that Hill is a citizen of Virginia.

On October 8, 2010, Defendants filed a notice of removal with this court, ostensibly premised on diversity jurisdiction

---

[1] Plaintiff brought this action pursuant to Md. Code Ann., Lab. & Empl. § 9-902(a), which allows workers' compensation insurers to bring actions for damages against third parties who are liable for injury to or the deaths of covered employees.

2

(Paper 1). Plaintiffs have now moved to remand, as they contend that the case now lacks complete diversity. (Paper 15, 18).

**II. Analysis**

The removing party bears the burden of proving that removal was proper. *See Greer v. Crown Title Corp.*, 216 F.Supp.2d 519, 521 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Philip Morris Inc.*, 950 F.Supp. 700, 701-02 (D.Md. 1997) (internal quotation marks omitted). This standard reflects the reluctance of federal courts "to interfere with matters properly before a state court." *Id.*

Title 28 U.S.C. § 1441 allows defendants to remove an action "brought in a State court of which the district courts of the United States have original jurisdiction." Defendants assert that this court has jurisdiction because the controversy is one between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). "Complete diversity of citizenship must be established at the time of removal." *Cox-Stewart v. Best Buy Stores, L.P.*, 295 F.Supp.2d 566, 567 (D.Md. 2005) (citing *Higgins v. E.I DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988)). Even a cursory read of the first amended complaint

reveals that this case lacks complete diversity, as Plaintiff Hill and Defendants Lorton and Hernandez are all Virginians. *See Kessler v. Home Life Ins. Co.*, 965 F.Supp. 11, 12 (D.Md. 1997) ("Ordinarily, the existence of subject matter jurisdiction based on diversity of citizenship is determined . . . on the face of [] the complaint."). Lorton has nevertheless attempted to justify federal diversity jurisdiction on two grounds. Both arguments fail.

First, Lorton argues that it "had not yet been served with the First Amended Complaint" when it filed its notice of removal in this court. (Paper 16, at 1). For that reason, Lorton apparently wishes the court to look to the original complaint rather than the first amended complaint to assess diversity. The lack of service, however, is irrelevant. As even Lorton recognizes, to support diversity jurisdiction in removed cases, "diversity must have existed both at the time the action was originally commenced in state court and at the time of filing the petition for removal." *Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989). In Maryland, "the filing of an amended complaint supercedes the initial complaint, rendering the amended complaint the operative complaint." *Gonzales v. Boas*, 162 Md.App. 344, 355 (2005). Thus, when Erie filed an amended complaint on September 16, 2010, that complaint became the

4

operative complaint and was in force when Lorton filed its notice of removal 22 days later on October 8. The operative complaint lacks the requisite diversity.

Second, Lorton contends that Hill is a nominal plaintiff who should not be considered when assessing diversity. "Diversity jurisdiction must be based only on the citizenship of the real parties in interest, ignoring the citizenship of merely nominal or formal parties." *Nat'l Ass'n of State Farm Agents, Inc. v. State Farm Mutual Auto. Ins. Co.*, 201 F.Supp.2d 525, 529 (D.Md. 2002); *see also Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 n.3 (4th Cir. 2004) ("Diversity jurisdiction is also judged by the real parties in interest."). A party may be deemed "nominal" if he has "no personal stake in the outcome of the litigation" and is "not necessary to an ultimate resolution." *Nat'l Ass'n of State Farm Agents, Inc.*, 201 F.Supp.2d at 529 (quotations omitted). Lorton characterizes Hill as a plaintiff who was "included only because Erie was required to do so by the Maryland Rules of Civil Procedure." (Paper 16, at 3). If Lorton's characterization were correct, Hill might well be a nominal plaintiff. *See, e.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 92 (2005) (citing "a party . . . . named to satisfy state pleading rules" as an example of a nominal party).

5

But Lorton's characterization of Hill's role in this case is incorrect. Erie named Hill as a "use plaintiff" pursuant to Maryland Rule 15-1001(b), which provides:

> If the wrongful act occurred in this State, all persons who are or may be entitled by law to damages by reason of the wrongful death *shall be named as plaintiffs* whether or not they join in the action. The words "to the use of" shall precede the name of any person named as a plaintiff who does not join in the action.

(emphasis added).[2] In *Johnson v. Price*, 191 F.Supp.2d 626, 629 (D.Md. 2001), the court squarely rejected the contention that such "use plaintiffs" in the Maryland wrongful death context are only nominal plaintiffs. In *Johnson*, the court dismissed a case for lack of subject matter jurisdiction, where one of the defendants and a "use plaintiff" were both citizens of the state of Maryland. *Id.* at 631. Looking to Maryland law,[3] the court

---

[2] Md. Rule 15-1001 applied to this case in state court. The rule specifically cross-references Md. Code Ann., Lab. & Empl. § 9-901 *et seq.*, the subtitle under which Erie brings its claims.

[3] "While the question of in whose name the action must be prosecuted is procedural, and thus governed by federal law, its resolution depends on the underlying substantive law of the state." *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir. 1973).

concluded that the "use plaintiff" was a real party in interest, even where she actively refused to participate in the action:[4]

> An examination of the Maryland statute and related case law reveals that [the use plaintiff] has a real, legally cognizable interest in this wrongful death case, and, further, that her rights to wrongful death benefits for the death of her father must be adjudicated as part of the wrongful death suit brought by her mother. Maryland's wrongful death statute explicitly permits only one wrongful death lawsuit to be brought by the beneficiaries of a decedent. In that single action, the beneficiaries of the decedent - including the decedent's spouse, parents, and children, who are considered "primary beneficiaries" - share any damages that are awarded in proportion to the injuries they suffered as a result of the decedent's death.
>
> Maryland law thus makes clear that all beneficiaries in wrongful death lawsuits are the real parties in interest in these suits. Indeed, if one of a decedent's beneficiaries is absent from a wrongful death lawsuit, Maryland law requires that a judgment rendered in favor of the beneficiary or beneficiaries who did prosecute the suit be vacated. Therefore, even though [the use plaintiff] is refusing to seek wrongful death damages as a result of her father's death, [the plaintiff]'s wrongful death suit will adjudicate [the use plaintiff]'s rights, extinguishing her claim as to [the defendant]. By definition, then, she is one of the real parties in interest.

---

[4] Hill has not refused to participate. To the contrary, he has retained separate counsel and participated in the proceedings.

*Id.* at 629; *see also Ward v. Walker*, No. RDB 09-3256, 2010 WL 2902777, at *3-4 (D.Md. July 26, 2010) (finding decedent's daughter was necessary party in Maryland wrongful death action and dismissing where addition of daughter destroyed complete diversity). Judge Motz's reasoning in *Johnson* has since been endorsed by Maryland courts:

> Although Rule 15-1001(b) does not require the statutory beneficiaries to formally join the litigation, "all persons who are or may be entitled by law to damages by reason of the wrongful death shall be named as plaintiffs." The words "to the use of" simply identify plaintiffs who have not formally joined the action, but, as real parties in interest, they are plaintiffs whose interests must be acknowledged and protected throughout the litigation.

*Williams v. Work*, 192 Md.App. 438, 455 (2010) (citing *Johnson*, *supra*, with approval). *Compare Williams*, 192 Md.App. at 455 ("[T]he failure to include a known statutory beneficiary as a plaintiff or a 'use plaintiff' in a wrongful death action . . . can be analogized to the failure to join a necessary party in an action where joinder is required.") *with Nat'l Ass'n of State Farm Agents, Inc.*, 201 F.Supp.2d at 529 (stating that a party is nominal only if it is not "necessary to an ultimate resolution").

Lorton attempts to distinguish *Johnson* by noting that the present case involves an insurer and a decedent's son, while the

*Johnson* case involved the personal representative of an estate and the decedent's daughter. That is a distinction without a difference. Just like a "traditional" wrongful death action, beneficiaries have a right of payment when a workers' compensation insurer brings a wrongful death action. *See* Md. Code Ann., Lab. & Empl. § 9-902(b) (stating any amounts exceeding the total of compensation paid under the policy and costs for bringing the action must be paid to "dependents of the covered employee").[5] Therefore, the reasoning in *Johnson* and *Williams* remains decidedly persuasive. Hill is not a nominal plaintiff.[6] The motions to remand will be granted.

---

[5] The possibility of payment to the beneficiaries distinguishes this case from situations where a "fully recompensed" insured appears as a party; in that sitatuion, "the insured is a nominal party only." *Virginia Elec. & Power Co.*, 485 F.2d at 84. This case is also distinguishable from those cases finding that partially subrogated insurers named as use plaintiffs are not considered parties for diversity purposes, as the presence of the use plaintiffs in those cases was not legally required. *See Johnson*, 191 F.Supp.2d at 630 n.4.

[6] Furthermore, when an employee insured by workers' compensation brings his own action against a third-party tortfeasor, he "is clearly a real party in interest under the law of [Maryland]." *South Down Liquors, Inc. v. Hayes*, 323 Md. 4, 10 (1991). It would therefore be irrational to deny the statutory beneficiaries of such a deceased employee the same position, when it might be said that, at least in some sense, beneficiaries like Hill succeed to the rights of the decedent-employee.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motions to remand will be granted. A separate order will follow.

                                                        /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge